Entered on Docket
April 05, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed: April 02, 2010

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                          No. 09-49975 T
                                               Chapter 11
JOAN WENDT,                                    R.S. GJB-4514

      Debtor.
_____/

**MEMORANDUM OF DECISION RE MOTION FOR RELIEF FROM SAY**

     The motion of One West Bank FSB, its assignees and/or successors in interest ("Secured Creditor") for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and(2) to proceed with a foreclosure on real property (the "Real Property") owned by the above-captioned debtor (the "Debtor") came before the Court on April 2, 2010 at 2:00 p.m. for a duly noticed final evidentiary hearing. At the conclusion of the hearing, the Court took the motion under submission. Having reviewed the entire file and having listened to the tape of the preliminary hearing, the Court now concludes that the motion should be granted. The reasons for the Court's decision are set forth below.

**SUMMARY OF FACTS**

The above-captioned case was filed on October 22, 2009. The Debtor is a Senior Systems Programmer at Wells Fargo Bank, N.A. On Schedule I of her Schedules of Assets and Liabilities (the "Schedules"), she listed gross monthly income of $16,685, of which $7,410 is from wages and $9,275 is from rental income. On Schedule J, she listed monthly expenses of $32,632, of which $30,847 are real property expenses. On Schedule A, she listed seven parcels of real property, all located in Oakland, California, including the Real Property, which is located at 1453 5th Street. The Real Property is not the Debtor's residence. On the detail to Schedule I, the Debtor indicated that the Real Property generated rents totaling $3,750 per month and incurred expenses totaling $4,710 per month, representing a negative cash flow of $910 per month. On Schedule A, the Debtor listed the value of the Real Property as $333,000. She listed encumbrances against the Real Property as totaling approximately $525,000, including the Secured Creditor's first deed of trust securing a debt of approximately $425,000 and a second deed of trust securing a debt of approximately $100,000.

A status conference was conducted on December 14, 2009. At the status conference, counsel for the Office of the United States Trustee (the "UST") indicated that the monthly operating reports were delinquent. The Court noted that an order approving the employment of Debtor's counsel had not yet been obtained. Debtor's counsel requested 90 days to file a plan. The Court agreed to the 90 day deadline and issued an order setting a deadline of March 15, 2010 for

2

filing a plan and disclosure statement.  The Court continued the status conference to January 19, 2010 and indicated that, by then, monthly operating reports should be current and counsel should have been formally retained.  A retention order was filed on December 18, 2009.  Monthly operating reports for October and November 2009 were filed on January 11, 2010.[1]

At the continued status conference on January 19, 2010, the UST advised the Court that the Debtor was delinquent in filing her tax returns.  Debtor's counsel represented that he would be filing an application to employ an accountant so that this problem could be remedied.[2]  The UST also raised a concern about the sale of stock reflected on the monthly operating reports.  The Court continued the status conference to February 1, 2010 and ordered the Debtor to appear at the status conference personally unless the UST had received a satisfactory explanation from her with regard to the stock sales.  The Debtor filed a declaration addressing this issue.  This apparently satisfied the UST, because the February 1, 2010 status conference was dropped.

On February 16, 2010, the Secured Creditor filed a motion for relief from stay to foreclose on the Real Property.  The motion was set for a preliminary hearing on March 5, 2010.  The motion stated that the balance secured by the first deed of trust was approximately $425,000, that the Debtor had made no payments to the Secured

---

[1] No monthly operating reports have been filed since these two.
[2] This has never been done.

3

Creditor since February 2009, and that there were approximately $19,000 in post-petition defaults.

On March 4, 2010, the Debtor filed a motion to value the Real Property at $260,000. However, the motion misidentified the party holding the first deed of trust on the Real Property as Aurora Loan Services. A corrected motion was filed on March 8, 2010. In the motion, the Debtor expressed the intent to file a plan to bifurcate the Secured Creditor's claim into a secured claim for this amount and a general, unsecured claim for the balance. An amended Schedule A was also filed on March 4, 2010, listing the value of the Real Property as $260,000.

At the preliminary hearing on March 5, 2010, Debtor's counsel indicated that it would probably be appropriate for the Debtor to make an adequate protection payment. However, he indicated that the appropriate payment should reflect the bifurcated value of the secured claim.

Secured Creditor's counsel expressed frustration about the length of time that has passed during the case, during which time the Debtor was presumably collecting rents and not making any payments to the Secured Creditor. Secured Creditor's counsel expressed the need as well for information concerning the property related costs. The Court noted that the plan deadline was imminent and that, once the plan and disclosure statement were filed, the Court and the Secured Creditor would be in a better position to know whether a successful reorganization was likely.

4

The Court set the matter for an evidentiary hearing on April 2, 2010. By that time, the Court assumed, the plan and disclosure statement would have been filed and the Court would be in a better position to determine whether the automatic stay should be vacated or whether the Debtor should be ordered to make an adequate protection payment pending confirmation of the plan and, if so, in what amount. The Court ordered the parties to file witness lists and exchange documents one week before the scheduled hearing. The Court ordered the Debtor to cooperate with the Secured Creditor by providing counsel with any information he reasonably requested concerning the Real Property.

No plan was filed on March 15, 2010 nor was a motion filed requesting an extension of the plan filing deadline. One day before the scheduled final hearing, the Debtor filed her declaration and the declaration of an appraiser, valuing the Real Property at $118,000. The Debtor did not appear at the final hearing. No witnesses were provided. The Debtor's counsel represented that the Debtor had been collecting rents from the Real Property but had not spent them, that they were in a bank account and could be turned over to the Secured Creditor. Without the Debtor present to testify to this representation and without monthly operating reports reflecting sequestered rents, the Court had no way to verify it.

Secured Creditor's counsel expressed frustration with the Debtor's failure to provide him with the information requested outside the courtroom on the day of the preliminary hearing. Debtor's counsel admitted that Secured Creditor's counsel had

5

requested the information. He stated that he did not feel that it was necessary to comply with the request because it was not made formally.

No meaningful explanation or evidence was provided to the Court as to the necessity of the Real Property to a reorganization or the feasibility of the Debtor confirming a plan within a reasonable period of time. Based on the foregoing, the Court concludes that the Debtor has failed to meet its burden of proving that the Secured Creditor's interest in the Real Property is adequately protected. Moreover, the Debtor clearly has no equity in the Real Property. See 11 U.S.C. § 362(d)(1), (2) & (g). Based on the Debtor's conduct of the case to date, the Court concludes that it is unlikely that the Debtor will be able to effectuate a successful reorganization within a reasonable time. Therefore, the automatic stay will be vacated to permit the Secured Creditor to proceed with its remedies under state law.

**CONCLUSION**

The Debtor has failed to meet her burden of proving that the Secured Creditor's interest in the Real Property is adequately protected or that the Real Property is necessary for a reorganization that is reasonably likely to occur in the near future. The Debtor admits that she has no equity in the Real Property. Consequently, the automatic stay will be vacated to permit the Secured Creditor to foreclose. Counsel for the Secured Creditor is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

```
                        COURT SERVICE LIST

Joan Wendt
516 Lewis Street
Oakland, CA 94607

Robert T. Kawamoto
Law Offices of Robert T. Kawamoto
234 Van Ness Ave.
San Francisco, CA 94102-3623

JaVonne M. Phillips
McCarthy & Holthus, LLP
1770 Fourth Ave.
San Diego, CA 92101
```